United States District Court
Southern District of Texas
**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX APOLINAR GIL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04283 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Alex Apolinar Gil, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition reflects that Petitioner is a noncitizen who entered the United States without inspection in 2018 and has since been placed in removal proceedings. Doc. No. 1

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 4

at 7. Petitioner does not allege or show that he has been lawfully admitted into the United States. Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). His arguments regarding bond hearings under 8 U.S.C. § 1226(a) and its implementing regulations are foreclosed by *Buenrostro-Mendez*.

In addition, Petitioner's Fifth Amendment due process claims fail. Petitioner's procedural due process claim is unavailing because the statute mandates detention. *See Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). Likewise, Petitioner's substantive due process claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings*, 583 U.S. at 297; *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessary a part of th[e] deportation procedure."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and while arrangements were being made for their deportation."). Petitioner, who alleges that he has been detained less than two months, does not plead facts that show that he has been detained indefinitely or otherwise show that his detention presently violates the Constitution.

2 / 4

Similarly, his equal protection claim is unavailing because he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in *Buenrostro-Mendez.* Contrary to his representation that he "*alone* is categorically denied access to any individualized custody review," (Doc. No. 1 at 27 (emphasis added)), the Fifth Circuit has held that all noncitizens who have entered without inspection, have not obtained legal status, and have now been apprehended by ICE (like petitioner) are subject to mandatory detention under § 1225(b). *Buenrostro-Mendez*, 166 F.4th at 498. He fails to identify another *similarly situated* class that is treated *differently* than he. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) (rejecting equal protection claims regarding continued detention brought by alien juveniles who did not have close relatives to serve as guardians because they were distinct from alien juveniles with close relatives available to serve as guardians and different from American juveniles in delinquency proceedings who were citizens).

In addition, his claims under the Administrative Procedure Act ("APA") fail because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704; *accord Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 5 (S.D. Tex. Feb. 10, 2026) (holding that the petitioner was not entitled to relief under the APA where he was able to challenge his detention through habeas corpus); *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (agreeing with the majority "that habeas corpus, not the APA, is the proper vehicle" where habeas corpus is an available remedy).

Likewise, his Suspension Clause claim is unavailing because habeas corpus is available to challenge immigration detention.

Finally, his claims regarding the procedures used for his arrest under the *Accardi* doctrine[2] fail.  The regulation he invokes, 8 C.F.R. § 287.8, does not provide a cause of action in federal court because § 287.12, outlining the scope of part 287, provides, in relevant part: "These regulations do not, are not intended to, shall not be construed to, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal."  8 C.F.R. § 287.12.  Therefore, he has no substantive claim in this habeas proceeding under *Accardi* regarding the procedures used for his arrest.

Based on the foregoing, the Court **ORDERS** as follows:

1.  The petition (Doc. No. 1) is **DISMISSED**.

2.  All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this ____26th____ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

---

[2] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (asserting the principle that agencies are bound to abide by their own regulations or internal procedures).